**NOTICE OF REMOVAL**

**GENOVA, BURNS & VERNOIA**
Kathleen Barnett Einhorn (KE 2743)
James Bucci (JB 6795)
Eisenhower Plaza II
354 Eisenhower Parkway
Livingston, New Jersey 07039-1023
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendants
Ron Padovani, U.S. Electrical
Services, LLC and Monarch Electric Co.



| | |
|---|---|
| CREED ELECTRICAL SUPPLY & EQUIPMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> RON PADOVANI, U.S. ELECTRICAL SERVICES, LLC and MONARCH ELECTRIC CO., <br><br> Defendants. | Civil Action Number _____ <br><br><br> **NOTICE OF REMOVAL** |

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above-captioned action is removed by defendants Ron Padovani, U.S. Electrical Services, LLC and Monarch Electric Co., (hereinafter collectively referred to as "Defendants"), by their undersigned attorneys, from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York, by the filing of this Notice of Removal with the Clerk of the

United States District Court for the Southern District of New York and Defendants state the following in support:

1. This action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§1441(a) and 1446.

2. On or about March 26, 2007, plaintiff filed an action by way of Order to Show Cause in the Supreme Court of the State of New York, County of Westchester, entitled <u>Creed Electric Supply & Equipment Corp., vs. Ron Padovani, U.S. Electrical Services, LLC and Monarch Electric Co.</u>, Index No. 5426/07 (the "State Court Action").

3. In the Verified Complaint, plaintiff attempts to state causes of action for breach of contract (First Cause of Action); damages (Second Cause of Action); and tortious interference with a contract (Third Cause of Action). (The Verified Complaint is attached as Exhibit B to the Affidavit of Steven Emanual which is attached hereto as Exhibit 1).

4. Plaintiff seeks compensatory damages and attorneys' fees.

5. On or after March 30, 2007, defendant U.S. Electrical Services, LLC first received the Summons, Verified Complaint and Order to Show Cause in the State Court Action when they were served on U.S. Electrical Services, LLC by personal service.

6. On or after March 30, 2007, defendant Monarch Electric Co. first received the Summons, Verified Complaint and Order to Show Cause in the State Court Action when they were served on Monarch Electric Co. by personal service.

7. To date, Ron Padovani has not been served, however, Mr. Padovoni consents to this Notice of Removal.

8. This Notice of Removal is filed within thirty (30) days after a copy of the Summons, Verified Complaint and Order to Show Cause in the State Court Action was first received by each of the Defendants and therefore is timely filed pursuant to 28 U.S.C. §1446(b).

9. Copies of all process, pleadings and orders served upon each of the Defendants in the State Court Action are attached as Exhibits 1 and 2.

10. A copy of the written notice required by 28 U.S.C. §1446(d), addressed to the adverse party and to the Clerk of the Supreme Court of the State of New York, County of Westchester, is attached as Exhibit 3 and will be filed in the State Court Action and forwarded to plaintiff upon the filing of this Notice of Removal and the Court's issuance of a civil action number.

## JURISDICTION EXISTS UNDER 28 U.S.C. §1332

11. This action is removable pursuant to the provisions of 28 U.S.C. §1441(a) because it is a civil action over which this Court has original jurisdiction and under 28 U.S.C. §1332, in that there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## THE PARTIES ARE DIVERSE

12. Plaintiff admits it is a corporation organized and existing under the laws of the State of New York with a principal place of business in the State of New York, County of Westchester. (See Verified Complaint ¶1.) On information and belief,

3

plaintiff is now, and at the time the State Court Action was commenced was, a citizen of the State of New York.

13.  Ron Padovani is now, and at the time the State Court Action was commenced a resident of the State of New Jersey (see Verified Complaint, ¶2) and therefore is now, and at the time the State Court Action was commenced was, a citizen of the State of New Jersey for diversity jurisdiction purposes. 28 U.S.C. §1332(c)(1).

14.  U.S. Electrical Services, LLC is now, and at the time the State Court Action was commenced was, a corporation organized and existing under the laws of the State of Delaware (see Verified Complaint, ¶3) with a principal place of business in the State of Pennsylvania and therefore is now, and at the time the State Court Action was commenced was, a citizen of the State of Delaware for diversity jurisdiction purposes. 28 U.S.C. §1332(c)(1).

15.  Monarch Electric Co. is now, and at the time the State Court Action was commenced was, a corporation organized and existing under the laws of the State of Delaware (see Verified Complaint, ¶4) with its principal place of business in the State of New Jersey and therefore is now, and at the time the State Court Action was commenced was, a citizen of the State of Delaware for diversity jurisdiction purposes. 28 U.S.C. §1332(c)(1).

16.  There is thus complete diversity of citizenship between plaintiff and Defendants.

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.     For this Court to have subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

18.     Plaintiff's complaint seeks compensatory damages and attorneys' fees. (See Verified Complaint at ¶16). For jurisdictional purposes, the amount in controversy includes compensatory damages as well as attorneys' fees. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240 (1943); Missouri State Life Insurance Co. v. Jones, 290 U.S. 199, 200 (1933); A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2nd Cir. 1991); San Juan Hotel Corp. v. Greenberg, 502 F.Supp. 34, 35 (E.D.N.Y. 1980); In re Wiring Device Antitrust Litigation, 498 F.Supp. 79, 82 (E.D.N.Y. 1980). Taking each of these into account, there is a "reasonable probability" that more than $75,000 is in controversy, which is the prerequisite standard for a party invoking federal jurisdiction in this district. United Food Local 919 v. Centermark Properties, 30 F.3d 298, 304-305 (2nd Cir. 1994).

19.     Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

20.     Consequently, the State Court Action is removable to federal court.

21.     Accompanying this Notice of Removal is a Civil Cover Sheet and a check in the amount of $350.00 for the required filing fee.

WHEREFORE, defendants, Ron Padovani, U.S. Electrical Services, LLC and Monarch Electric Co., remove the State Court Action from the Supreme Court of the

5

State of New York, County of Westchester, to this Court, and pray that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in state court.

Dated: April 9, 2007

                                    **GENOVA, BURNS & VERNOIA**
                                    Attorneys for Defendants
                                    Ron Padovani, U.S. Electrical Services, LLC
                                    Monarch Electric Co.

By: _____
                                    Kathleen Barnett Einhorn (KE 2743)
                                    James Bucci (JB 6795)
                                    Eisenhower Plaza II
                                    354 Eisenhower Parkway
                                    Livingston, New Jersey 07039-1023
                                    Tel: (973) 533-0777
                                    Fax: (973) 533-1112

To:    Clerk, U.S. District Court
        Southern District of New York
        U.S. Courthouse
        500 Pearl Street
        New York, NY 10007-1312

        Clerk of Court
        Supreme Court of New York
        Westchester County
        111 Dr. Martin Luther King, Jr. Blvd.
        White Plains, NY 10601

        Gerry E. Feinberg, P.C.
        Attorney for Plaintiff
        11 Martine Ave.
        White Plains, New York 10606
        914-946-4343

F:\users\COMMON\US5\2136\003\Notice of Removal.doc