**EXHIBIT C TO EXHIBIT 1 TO NOTICE OF REMOVAL**

# Piedmont Capital Partners

A Private Investment Partnership

2 Rocky Hollow Dr.
Larchmont NY 10538
(914) 834-0118 (voice)
(208) 723-6570 (fax)
semanuel@westnet.com

Steven Emanuel
Partner

Mr. Greg Griswold                                              March 9, 2007
US Electrical Services, LLC
717 Constitution Drive
Suite 108
Exton, PA 19341

BY FAX AND REGISTERED MAIL

Dear Mr. Griswold:

I am the principal owner, and President, of Creed Electrical Equipment and Supply Co.

It has come to my attention that you are negotiating to hire Ron Padovani, our Sales
Manager.

You are perfectly free to do so. However, you should be aware that he is covered by an
Employment Agreement with Creed that he signed in December, 2002, and that that
Employment Agreement contains several Restrictive Covenants. I have enclosed a copy
of these Covenants for your reference.

As you will see, of particular significance is the following provision of Par. 10:

(a) <u>Nonsolicitation of Customers</u>. Employee agrees that, during the
Term and for a period of two (2) years after the Termination Date, without the
prior written consent of the Company, Employee will not, either directly or
indirectly, on his own behalf or in the service of or on behalf of others, solicit,
contact, call upon, communicate with or attempt to communicate with any
customer or prospective customer of the Company, or any representative of any
customer or prospective customer of the Company, with a view to sale or
providing of any product, equipment, deliverable or service competitive or
potentially competitive with any product, equipment, deliverable or service sold
or provided or under development by the Company during the period of two (2)
years immediately preceding the Termination Date; <u>provided</u>; <u>however</u>, that the
restrictions set forth in this Section 10(a) shall apply only to those customers or
prospective customers of the Company with whom Employee had contact during
such two (2)-year period. The actions prohibited by this Section 10(a) shall not be
engaged in by Employee directly or indirectly, whether as manager, salesperson,
agent, technical support technician, sales or service representative, or otherwise.

If while in your employ Mr. Padovani calls on or communicates with Creed customers
covered by this clause, you are hereby on notice that we will vigorously enforce our

Piedmont Capital Partners

Mr. Greg Griswold
Page 2

rights by immediate litigation. Such litigation will include a request for injunctive relief
and damages, and will be filed against both Mr. Padovani and US Electric and/or the
relevant affiliate. As you may know, the tort law of New York recognizes that a new
employer who willfully encourages an employee to violate a valid restrictive covenant
with the prior employer can be liable for damages for inducing a breach of contract.

If you so request, we will be pleased to supply you with a list of the Creed customers who
fall within the Nonsolicitation-of-Customers provision.

Very truly yours,

Steven L. Emanuel
President,
Creed Electric

Cc: Ron Padovani
    Patti Russell