**EXHIBIT 1 TO NOTICE OF REMOVAL**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------

Index No. 5426/07

CREED ELECTRICAL SUPPLY &
EQUIPMENT CORP.,

                    Plaintiff                   Affidavit

   -against-

RON PADOVANI, U.S. ELECTRICAL SERVICES,
LLC and MONARCH ELECTRC CO.,

                    Defendants.

-----------------------------------------------------------------

State of New York    )
County of Westchester  )

      Steven Emanuel, being duly sworn deposes and says:

1.    I am the President of plaintiff Creed Electrical Equipment and Supply Corp. "(Creed") and I am fully familiar with the prior proceedings herein and the matter hereinafter set forth. This affidavit is respectfully submitted in support of Creed's application for a temporary restraining order and preliminary injunction pursuant to CPLR Art. 63 restraining and enjoining defendants from breaching or inducing the breach of the restrictive covenants contained in the contract of employment between defendant Ron Padovani ("Padovani") and Creed.

2.    As set forth in the accompanying verified complaint (Exhibit "A"), until recently Padovani was an employee of Creed in our sales department. While employed by Creed he was governed by a contract (the "Contract") (Exhibit "B") which had restrictive

covenants limiting his contacting, attempting to contact, and soliciting customers or prospective customers of Creed <u>with whom he had contact while employed by Creed.</u>

3.  At or about the time we learned that Padovani was in the process of leaving our employ, we notified various competing companies with whom we understood he was negotiating, that he was subject to the restrictive covenants as set forth in our complaint. On March 9, 2007 I wrote to defendant U.S. Electrical Services, LLC to apprise them of these facts. A copy of my letter is annexed hereto as Exhibit "C". We understand that defendant Monarch Electric Co. ("Monarch") is a wholly owned subsidiary of U.S. Electric, and that Monarch is the entity Padovani is working for. Attached as Exhibit "D" is a business card that Padovani presented recently to one of our customers, showing that he now works for Monarch.

4.  We have just learned that Padovani has breached the Contract by contacting and soliciting the business of Filingeri Electrical, one of our customers with whom Padovani had contact, as set forth in the accompanying affidavit of Michael Filingeri. We have also learned that Padovani has sent two emails to James Johannemann, the President of All Bright Electric, an account Padovani was specifically assigned. As the Court will see from the emails (Exhibit "E"), Padovani goes to the trouble of expressly stating that this is not a solicitation, at the same time letting Johannemann know that Padovani is no longer at Creed and then suggesting a meeting "as two friends."

5.  Accordingly, there is no doubt that Padovani is violating the restrictive covenant provision in our Contract, the terms of which provide that we would be entitled to injunctive relief in the event of a violation. The reason the restriction in the Contract

states that Padovani may not "<u>communicate or attempt to communicate</u>" with prior customers is to avoid the very situation we have now, where he attempts a solicitation under the guise of a "friendly" non-business call.

6. Padovani had been acting as a sales representative and sales manager for Creed. In that capacity he was privy to our proprietary business information, which would give him an extreme advantage in soliciting our customers. For example, he knows the exact details of such matters as (i) our gross billings to each customer, (ii) what items we have recently sold to each customer at what price, (iii) what the profitability of each customer is, (iv) what construction projects that customer was or will be bidding on, (v) how much the customer was or is prepared to spend for each item on the bid list for the project, (vi) how much each of our suppliers charges us for each item, and other highly proprietary and valuable information. Notwithstanding that fact, the provisions of the Contract are very narrow in terms of the restraint placed upon Padovani. Under the Contract, he is free to work in competition with Creed, with the only limitation being that he can not contact or solicit Creed customers or prospective customers that he was in contact with during the two years prior to his leaving Creed. Filingeri Electric and All Bright Electric are just such customers. We have also heard through various sources that Padovani is calling on or attempting to call on other such customers, including RLJ Electric and Spirelli Electric. We believe that there are still others with whom he is in contact at to whom we have not yet heard such reports.

7. As noted above, at about the time Padovani was terminating his relationship with Creed we notified our competitors and specifically the defendant herein, U.S. Electric, that we would hold them responsible if there were a violation of the Contract.

3

8. Accordingly, we are hereby requesting that this court grant us immediate injunctive relief to prevent the continued violation of the Contract. Absent such relief, it will be difficult for us to assess and recover the damages we will sustain. On the other hand, this should not present a particular hardship for Padovani since he can remain employed and work in competition with us. We only ask that he be compelled to honor his contractual obligations which are minimally restrictive.

9. No prior application has been made for this relief to this or any other court.

_____
Steven Emanuel

Sworn to before me the 16

Day of March, 2007

_____
Notary Public

Jeffrey W. Clevenger
Notary Public-State of New York
Qualified in Westchester County
No. 01CL6119526
Commission Expires 11/29/2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------

CREED ELECTRICAL SUPPLY &        Index No.
EQUIPMENT CORP.,
                                AFFIDAVIT

                      Plaintiff

          -against-

RON PADOVANI

                      Defendants.
-----------------------------------------------------------------

STATE OF NEW YORK      )
                               ) ss.:
COUNTY OF WESTCHESTER )

Louisa Sigillo
Notary Public State of New York
No. 01SI6127793
Qualified in Westchester County
Commission Expires May 31, 09

Michael Filingeri, being duly sworn deposes and says

1.     I am an officer of Filingeri Electrical located 3510 Lexington Avenue, Mohegan Lake, New York 10547.

2.     On or about March 13, 2007 I received a visit from Ron Padovani who had previously contacted our firm in a sales capacity while he had been employed for Creed Electrical Supply Corp. He left his business card with me, and a credit application and proposed that our firm purchase electric equipment from his new employer, Monarch Electric.

                                                     _Michael Filingeri_
                                                            Michael Filingeri

Sworn to before me this 28th
day of March, 2007

_____
Notary Public

Aff-Padavani 3-21-07