**EXHIBIT 2 TO NOTICE OF REMOVAL**

Case 7:07-cv-02854-CLB   Document 1-4   Filed 04/10/2007   Page 1 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------.

Index No. 5426/07

CREED ELECTRICAL SUPPLY &
EQUIPMENT CORP.,

                                         Plaintiff

   -against-

RON PADOVANI, U.S ELECTRICAL SERVICES, LLC
and MONARCH ELECTRIC CO.

                                       Defendants.

-----------------------------------------------------------------.

### PLAINTIFF'S MEMORANDUM OF LAW

#### Preliminary Statement

     This memorandum of law is respectfully submitted on behalf of plaintiff, Creed Electrical Supply & Equipment Corp. ( the "Creed"), in support of its application pursuant to CPLR Article 63, for a temporary restraining order and preliminary injunction enjoining the defendants from breaching or inducing the breach of the restrictive covenants contained in the employment contract (the "Contract") between defendant Ron Padovani ("Padovani") and Creed.

     As more fully set forth in the accompanying affidavit of Creed's President, Steven Emanuel submitted herewith, Padovani was employed by Creed in its sales division commencing in or about December 2002 and continuing through early March, 2007. At the time Padovani's employment ended he was governed by an employment contract (the "Contract"), which contained a restrictive covenant preventing his contacting or soliciting

Creed clients or prospective clients who he had contacted for the two (2) year period prior to the end of his employment.

As is further set forth in the accompanying submission, Creed has recently learned that Padovani has breached the Contract by soliciting customers of Creed while employed by defendant Monarch Electric Co., believed to be a wholly owned subdivision of defendant U.S Electrical Services, LLC.

Finally, the contract specifically provides that injunctive relief is warranted under the circumstances which have been presented here.

## ARGUMENT

### Plaintiff is Entitled to Injunctive Relief

The standard for issuing injunctive relief is well known and consists of a showing that there is: (1) a likelihood of success on the merits; (2) irreparable harm; and (3) a balancing of the equities in favor of the movant. W. T. Grant Co. v. Srogi, 52 N.Y. 2d 496, 438 N.Y.S. 2d 761 1981. While courts are generally reticent to issue injunctive relief interfering with ones ability to earn a living, there are situations where the courts have seen fit to grant injunctive relief enforcing restrictive covenants. The standard is generally well known and was set forth in a Maltby v. Harlow Meyer Savage, Inc., 166 Misc. 2d 481, 633 N.Y.S. 2d 926 (Sup Ct. . N. Y.Co. 1995), aff'd 223 A.D. 2d 516, 637 N.Y.S. 2d 110 (1st Dep't 1996) as follows:

> Although the courts of New York. have adopted a strict approach in construing non-competition agreements and restrictive covenants, the courts have repeatedly enjoined employees from breaching such agreements when they are reasonable in scope, duration and geographical area. (Gelder Medical Group v. Weber, 41 N.Y. 2d 680; Reed, Roberts, Assocs. v. Strauman, 40 N.Y. 2d 303; Matter of

Schachter, 52 A.D. 2d 121, aff'd 41 N.Y. 2d 1067). While powerful public policy considerations militate against enforcement of restrictive covenants (See, Columbia Ribbon & Carbon Manuf. Co. v. A-1-A Corp., 42 N.Y. 2d 496; Purchasing Assocs. v. Weitz, 13 N.Y. 2d 267, "[a]t the same time an employer is entitled to protection from unfair or illegal conduct that causes economic injury. The rules governing the enforcement of anti-competitive covenants and the availability of equitable relief after termination of employment are designed to foster these interests of the employer without impairing the employee's ability to earn a living or the general competitive mold of society). (American Broadcasting Co. v. Wolf, 52 N.Y. 2d 394, 404)." Acknowledging the tension between the freedom of individuals to contract, and the reluctance to see one barter away his freedom, the State enforces limited restraints on employee's employment mobility where a mutuality of obligation is bargained for by the parties (Post v. Merrill, Lynch, Pierce, Fenner & Smith 48 N.Y. 2d 84, 89). "Indeed, the modern trend in case law seems to be in favor of according such covenants full effect when they are not unduly burdensome …(Mohawk Maintenance Co. v. Kessler, 52 N.Y. 2d 276, 284 (citation omitted)".

It is respectfully submitted that the application of the above noted principles to the facts of this case warrants the issuance of a temporary restraining order and preliminary injunction to prevent Padovani from violating the Contract.

As set forth in the accompanying affidavits, Padovani has been privy to information which can be used readily by Creed's competitors to unfairly compete. The nature of Creed's business is such that information made known to Padovani would be extremely important for a competitor. Padovani had been acting as a sales representative and sales manager for Creed. In that capacity he was privy to Creed's proprietary business information, which would give him an extreme advantage in soliciting Creed's customers. For example, he knows the exact details of such matters as (i) Creed's gross billings to each customer, (ii) what items Creed has recently sold to each customer at what price, (iii) what the profitability of each customer is, (iv) what construction projects

3

that customer was or will be bidding on, (v) how much the customer was or is prepared to spend for each item on the bid list for the project, (vi) how much each of Creed's suppliers charges us for each item, and other highly proprietary and valuable information.

Notwithstanding that fact, the provisions of the Contract are very narrow in terms of the restraint placed upon Padovani. Under the Contract he is free to work in competition with Creed, with the only limitation being that he can not contact or solicit Creed customers or prospective customers that he was in contact with during the two years prior to his leaving Creed. Creed has learned that Padovani has approached Creed's customers, including Filingeri Electric and Allbright Electric and has heard through various sources that Padovani is calling on or attempting to call on other such customers, including, RLJ Electric and Spirelli Electric. It is believed that there are still others with whom he is in contact at to whom Creed has not yet heard such reports.

## Conclusion

Weighing the equities, the balance clearly favors Creed. The restrictions sought to be imposed are minimally intrusive and will not prevent Padovani from earning a living. They will, however, prevent him from capitalizing on the propriety information he has about Creed's customers. Under the circumstances, the failure to grant this relief will surely cause Creed irreparable harm.

For all of the foregoing reasons, it is respectfully submitted that the motion of plaintiff for a temporary restraining order and preliminary injunctive relief be granted in

4

all respects and that Padovani be enjoined from competing with Creed in violation of the provisions of his Contract.

Respectfully submitted,

The Law Offices of Gerry E. Feinberg, P.C.

By: _____
Gerry E. Feinberg
11 Martine Avenue
White Plains, New York 10606
(914) 946-4343

memo of law 3-27-07

5

| Index No. | Year | RJI No. | Hon. |
|---|---|---|---|

CREED ELECTRICAL SUPPLY& EQUIPRMENT CORP.

                Plaintiff

_AGSINST_

RON PADOVANI, U.S. ELECTRICAL SERVICES, LLC
AND MONARCH ELECTRIC CO.

                Defendants

MEMORANDUM OF LAW

LAW OFFICES OF GERRY E. FEINBERG, P.C.
*Attorney for*

Office and Post Office Address, Telephone
11 Martine Avenue
WHITE PLAINS, NEW YORK 10606-1934
914-946-4343

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Gerry E. Feinberg

Service of a copy of the within     is hereby admitted.

Dated,

Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order     of which the within is a true copy will be presented for
settlement to the HON.     one of the judges
of the within named court, at
on   at   M

Dated,                 Yours, etc.

LAW OFFICES OF GERRY E. FEINBERG, P.C.
*Attorney for*

To               Office and Post Office Address
                 11 Martine Avenue

LAW OFFICES OF GERRY E. FEINBERG, P.C.   PAGE 01/02

Fax: 682-9188

ALIAS Part ___ of
the Supreme Court of the
State of New York, County of
Westchester, on the 30 day
of March, 2007

PRESENT:

Honorable ALAN D. Schenkman
    In the Absence of the
        Justice            Kenneth W. Rudolph

---

CREED ELECTRICAL SUPPLY &
EQUIPMENT CORP.,

Index No. 5426/07

ORDER TO SHOW CAUSE

Plaintiffs,

-against-

RON PADOVANI, U.S ELECTRICAL SERVICES, LLC
and MONARCH ELECTRIC CO.

RECEIVED

MAR 30 2007

HON. KENNETH W. RUDOLPH
J.S.C.

Defendants.

---

Upon the Summons and Verified Complaint filed by Plaintiff, CREED ELECTRICAL SUPPLY & EQUIPMENT CORP., ("CREED") and the affidavit of Steven Emanuel, sworn to March 26, 2007, together with the exhibits annexed thereto, ~~the Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction,~~ and all the proceedings herein, and sufficient reason appearing therefore, it is:

ADS
JSC

ORDERED that defendants RON PADOVANI, U.S ELECTRICAL SERVICES, LLC and MONARCH ELECTRIC CO. show cause before this court at ~~an IAS/RM~~ the Commercial Division Courtroom 104 to be held at the Courthouse, 111 Dr. Martin Luther King, Jr. Blvd., White Plains, New

ADS
JSC

AOJ
/JSC

York on the 13TH day of April, 2007 at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, before Hon. Kenneth W. Rudolph, why an order pursuant to CPLR 6301 should not be made and entered enjoining defendant Padovani herein from:

Directly or indirectly, on his own behalf or in the service of or on behalf of others, solicit, contact, call upon, communicate with or attempt to communicate with any customer or prospective customer of Creed or any representative of any customer or prospective customer of Creed with whom he had contact during the period of two (2) years immediately preceding Padovani's termination of employment with a view to sale or providing of any product, equipment, deliverable or services sold or provided or under development by Creed.

ORDERED, that pending the hearing and determination of this motion defendant is enjoined and restrained from:

ADS
/JSC

Directly or indirectly, on his own behalf or in the service of or on behalf of others, solicit, contact, call upon, communicate with or attempt to communicate with any customer or prospective customer of Creed or any representative of any customer or prospective customer of Creed with whom he had contact during the period of two (2) years immediately preceding Padovani's termination of employment with a view to sale or providing of any product, equipment, deliverable or services sold or provided or under development by Creed.

and it is further,

ADS
/JSC

ORDERED, that service of this Order and the papers upon which it is based, including the Complaint, personally upon defendants on or before April 5, 2007 shall be deemed good and sufficient service.*

ENTER:

\* Proof of service to be filed with the Clerk of the Commercial Division on or before April 13th 2007.

OSC-3-27-07

_____
J.S.C.

Alan D. Schienkman, J.S.C.
In the absence of Hon.
Kenneth W. Rudolph, J.S.C.

2