**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CREED ELECTRICAL SUPPLY & EQUIPMENT CORP., <br><br>　　　　　Plaintiff, <br><br> v. <br><br> RON PADOVANI, U.S. ELECTRICAL SERVICES, LLC and MONARCH ELECTRIC CO., <br><br>　　　　　Defendants. | Civil Action Number  07-CV-2854 <br><br> **ANSWER AND** <br> **AFFIRMATIVE DEFENSES** |

　　　　Defendants Ron Padovani, U.S. Electrical Services, LLC ("USESI") and Monarch Electric Co. ("Monarch") (collectively referred to as "Defendants"), by and through their attorneys, Genova, Burns & Vernoia, by way of Answer to the Verified Complaint state:

### FIRST CAUSE OF ACTION

　　　　1.　Defendants neither admit nor deny the allegations set forth in Paragraph 1 of the Verified Complaint inasmuch as there are no allegations made against them to which a responsive pleading is required.  To the extent a responsive pleading is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Verified Complaint.

1

2. Defendants admit the allegations set forth in Paragraph 2 of the Verified Complaint.

3. Defendants admit the allegations set forth in Paragraph 3 of the Verified Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Verified Complaint.

5. Defendant Ron Padovani admits the allegations set forth in Paragraph 5 of the Verified Complaint. Defendants USESI and Monarch neither admit nor deny the allegations set forth in Paragraph 5 of the Verified Complaint inasmuch as there are no allegations made against them to which a responsive pleading is required. To the extent a responsive pleading is required, Defendants USESI and Monarch admit the allegations set forth in Paragraph 5 of the Verified Complaint.

6. Defendants neither admit nor deny the allegations set forth in Paragraph 6 of the Verified Complaint inasmuch as there are no allegations made against them to which a responsive pleading is required. To the extent a responsive pleading is required, Defendants state that the document referred to as "Contract" in Paragraph 6 of the Verified Complaint speaks for itself.

7. Defendants neither admit nor deny the allegations set forth in Paragraph 7 of the Verified Complaint inasmuch as there are no allegations made against them to which a responsive

pleading is required. To the extent a responsive pleading is required, Defendants state that the document referred to as "Contract" in Paragraph 7 of the Verified Complaint speaks for itself.

8. Defendant Ron Padovani admits the allegations set forth in Paragraph 8 of the Verified Complaint. Defendants USESI and Monarch neither admit nor deny the allegations set forth in Paragraph 8 of the Verified Complaint inasmuch as there are no allegations made against them to which a responsive pleading is required. To the extent a responsive pleading is required, Defendants USESI and Monarch admit the allegations set forth in Paragraph 8 of the Verified Complaint.

9. Defendant USESI denies the allegations set forth in Paragraph 9 of the Verified Complaint. Defendants Padovani and Monarch neither admit nor deny the allegations set forth in Paragraph 9 of the Verified Complaint inasmuch as there are no allegations made against them to which a responsive pleading is required. To the extent a responsive pleading is required, Defendants Padovani and Monarch deny the allegations set forth in Paragraph 9 of the Verified Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Verified Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Verified Complaint.

12. Defendants neither admit nor deny the allegations set forth in Paragraph 12 of the Verified Complaint on the grounds that the allegations set forth legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations set forth in paragraph 12 of the Verified Complaint.

13. Defendants neither admit nor deny the allegations set forth in Paragraph 13 of the Verified Complaint inasmuch as there are no allegations made against them to which a responsive pleading is required. To the extent a responsive pleading is required, Defendants state that that the document referred to as "Contract" in Paragraph 13 of the Verified Complaint speaks for itself.

14. Defendants deny the allegations set forth in Paragraph 14 of the Verified Complaint.

## SECOND CAUSE OF ACTION

15. Defendants repeat and reiterate the answers set forth in Paragraphs 1 through 14 of this Answer as if fully set forth at length herein.

16. Defendants deny the allegations set forth in Paragraph 16 of the Verified Complaint.

**THIRD CAUSE OF ACTION**

17. Defendants repeat and reiterate the answers set forth in Paragraphs 1 through 16 of this Answer as if fully set forth at length herein.

18. Defendants deny the allegations set forth in Paragraph 18 of the Verified Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Verified Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Verified Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Verified Complaint.

**WHEREFORE**, Defendants Ron Padovani, U.S. Electrical Services, LLC and Monarch Electric Co. demand judgment against Plaintiff Creed Electrical Supply & Equipment Corp. dismissing Plaintiff's Verified Complaint with prejudice together with costs of suit, attorneys' fees and such other relief as this Court deems reasonable, necessary, equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants did not breach any contractual obligations to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not solicit or induce any breach of contractual obligations to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not guilty of any wrongdoing or breach of duty.

### FIFTH AFFIRMATIVE DEFENSE

Defendants fulfilled all of its respective duties and obligations, if any, to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Ron Padovani has not solicited any customers in violation of the employment agreement referred to in the Verified Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by a want of failure of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

The Verified Complaint is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The Verified Complaint is barred by the doctrines of waiver, estoppel and laches.

## TENTH AFFIRMATIVE DEFENSE

The Verified Complaint does not state a viable cause of action which permits the recovery of attorneys' fees and costs.

## ELEVENTH AFFIRMATIVE DEFENSE

The Verified Complaint does not state a viable cause of action which permits the recovery of compensatory damages.

## TWELFTH AFFIRMATIVE DEFENSE

The Verified Complaint does not state a viable cause of action which permits the recovery of liquidated damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Verified Complaint does not state a viable cause of action which permits the recovery of pre- and post-judgment interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Verified Complaint is barred, in whole or in part, by the Plaintiff's failure to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are the results of its own acts or omissions, and/or the acts or omissions of third parties over whom Defendants have no control.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's legal remedies, if any, are adequate.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Complaint should be dismissed due to insufficiency of service of process.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to add additional defenses up to and including the time of trial.

s/Dina M. Mastellone
Dina M. Mastellone (DM6946)
Kathleen Barnett Einhorn (KE 2743)
James Bucci (JB 6795)
Genova, Burns & Vernoia
Eisenhower Plaza II
354 Eisenhower Parkway
Livingston, New Jersey 07039-1023
(973) 533-0777
Attorneys for Defendants, Ron Padovani, U.S. Electrical Services, LLC and Monarch Electric Co.

```
TO:   Gerry Feinberg, Esq.
      Law Offices of Gerry E. Feinberg, P.C.
      11 Martine Avenue
      White Plains, New York 10806-1934


Dated:    May 18, 2007
          Livingston, New Jersey
```

2136\003\Answer3.doc

9