Law Offices of Gerry E. Feinberg, P.C.
Gerry E. Feinberg, Esq. (GEF 4813)
11 Martine Avenue – 12th Floor
White Plains, New York 10606
TEL: (914) 946-4343
FAX: (914) 682-9188
Attorneys for Plaintiff
Creed Electrical Supply &
Equipment Corp.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CREED ELECTRICAL SUPPLY &      Civil Action Number 07 CV 2854
EQUIPMENT CORP.,     Hon. Mark D. Fox
    U.S. Magistrate Judge
        Plaintiff

    -against-     NOTICE OF MOTION

RON PADOVANI, U.S.ELECTRICAL
SERVICES, LLC and MONARCH
ELECTRIC Co.,
        Defendants.

---

PLEASE TAKE NOTICE, that upon the affidavit of Gerry E. Feinberg, sworn to May 16, 2007 the affidavit of Steven Emanuel sworn to March 26, 2007 and May 17, 2007 and Michael Filingeri sworn to March 28, 2007 and exhibits annexed thereto, plaintiff Creed Electrical Supply & Equipment Corp., Inc. will move this Court before the Hon. Mark D. Fox, U.S. Magistrate Judge in the United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York on the 21st day of June, 2007 White Plains, New

York for an order pursuant to F.R.C.P. Rule 65 for a Temporary Restraining Order and Preliminary Injunction enjoining defendant Ron Padovani for violating a restrictive covenant in the partys' employment agreement and for such other and further relief of this Court deems just and proper.

Dated: May 17, 2007
       White Plains, NY

                          LAW OFFICES OF GERRY E. FEINBERG, PC

                          By:_____
                             Gerry E. Feinberg (GEF 4813)
                             Attorney for Plaintiff
                             11 Martine Avenue
                             White Plains NY 10606
                             914/946-4343

TO:
Genova, Burns & Vernoia
Attorneys for Defendants
Eisenhower Plaza II
345 Eisenhower Parkway
Livingston, NJ 07039-1023
Attn: Kathleen Barnett Einhorn, Esq.

Notice of Motion & Affirm. GEF) 5-15-07

Law Offices of Gerry E. Feinberg, P.C.
Gerry E. Feinberg, Esq.
11 Martine Avenue – 12th Floor
White Plains, New York 10606
TEL: (914) 946-4343
FAX: (914) 682-9188
Attorneys for Plaintiff
Creed Electrical Supply &
Equipment Corp.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
CREED ELECTRICAL SUPPLY &          Civil Action Number 07 CV 2854
EQUIPMENT CORP.,                   Honorable Mark D. Fox
                                   U.S. Magistrate Judge
        Plaintiff

  -against-                       AFFIDAVIT

RON PADOVANI, U.S. ELECTRICAL
SERVICES, LLC and MONARCH
ELECTRIC Co.,
        Defendants.
---------------------------------------------------------
STATE OF NEW YORK   )
                      ) ss.:
COUNTY OF WESTCHESTER)

    Gerry E. Feinberg, being duly sworn, deposes and says:

    1.    I am a member of the Law Offices of Gerry E. Feinberg, P.C., attorneys for plaintiff Creed Electrical Supply & Equipment Corp. ("Creed"), and I am fully familiar with the prior proceedings and the matter and hereinafter set forth.

    2.    This action was commenced by the Creed, in the Supreme Court, State of New York, County of Westchester, seeking injunctive relief and damages rising from the alleged breach by defendant, Ron Padovani ("Padovani") of his obligations pursuant to his employment agreement with Creed (the "Contract"). On April 10, 2007, the defendants filed a Notice of Removal of the within

action to this Court. As a result the Supreme Court did not ender any decision on the pending motion.

3. On May 4, 2007 a preliminary conference was held in this matter at which time the Court advised that the motion which had been pending in the New York Supreme Court had not been transferred to and was not calendared with the Court and that if plaintiff wanted to pursue that relief a new application should be made.

4 Accordingly all of the original papers apparently have remained in the Supreme Court, County of Westchester. As a result annexed hereto are copies of the affidavits of Steve Emanuel, President of Creed, and Michael Filingeri, a Creed customer which were submitted to the New York State Court. Annexed to the affidavits is the supporting documentation which Creed contends establishes that Padovani has breached the Contract by contacting and soliciting customers of Creed in violation of the terms of the Contract.

5. In addition, since the original application in the New York State Court, Creed has experienced some events which have adversely affected its business. As a result we are also submitting a supplemental affidavit by Steven Emanuel in which he limits the scope of injunctive relief which has been requested.

6. It is respectfully submitted that based upon the factual presentation contained in the submission and in accordance with the law as set forth in the accompanying Memorandum Of Law, the plaintiff is entitled to a temporary restraining order and preliminary injunction.

_____
Gerry E. Feinberg

Sworn to before me this 16th
day of May 2007

_____

CLIFFORD G. KLEINBAUM
Notary Public State of
New York
No. 02KL-7297775
Qualified in Westchester County
Commission Expires October 31, 2010

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CREED ELECTRICAL SUPPLY &      CIV. ACTION No. 07-CV-2854
EQUIPMENT CORP.,      (WP4) (MDF)

    Plaintiff

v.      **AFFIDAVIT**

RON PADOVANI, U.S. ELECTRICAL
SERVICES, LLC and MONARCH
ELECTRIC CO.,
    Defendants.

---

State of New York   )

County of Westchester  )

    Steven Emanuel, being duly sworn, deposes and says:

    1.      I am the President of plaintiff herein Creed Electrical Equipment and Supply Corp. ("Creed") and I am fully familiar with the prior proceedings herein and the matter hereinafter set forth. This affidavit is respectfully submitted in further support of Creed's application for injunctive relief as more fully set forth in the accompanying submission.

    2.      This affidavit is being submitted because after Creed commenced this action in the New York Supreme Court, Westchester County and the matter was removed to this Court, Creed underwent certain financial and business changes which have resulted in a re-entrenchment of its business operations.

    3.      Accordingly, Creed will no longer undertake the supply of equipment and materials to new "projects" where the gross billings by Creed to the contractor customer are anticipated to exceed $20,000. Instead, Creed will be concentrating on (a) small projects, i.e.

those not anticipated to exceed $20,000 in total billings by Creed to the customer for that project; and (b) "day to day business," which in our industry means the supply of materials and equipment for next-day or nearly-next-day delivery to the customer.

    4.    Accordingly, our application for injunctive relief is modified to limit any order issued by this Court to cover only solicitations by defendant Padovani that would compete with Creed in the two situations noted in Paragraph 3(a) and (b) above.

_____
Steven Emanuel

Sworn to before me this _____
day of May 16, 2007

_____
Notary Public

GERRY E. FEINBERG
NOTARY ... New York
... County
Commission Expires ...

GERRY E. FEINBERG
NOTARY ... State of New York
...886239
... New York County
Commission Expires ...

Aff. - S. Emanuel - 5-16-07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------.

CREED ELECTRICAL SUPPLY &             Index No.
EQUIPMENT CORP.,

          Plaintiff          Affidavit

  -against-

RON PADOVANI, U.S. ELECTRICAL SERVICES,
LLC and MONARCH ELECTRC CO..

          Defendants.

-------------------------------------

State of New York    )

County of Westchester  )

    Steven Emanuel, being duly sworn deposes and says:

1.    I am the President of plaintiff Creed Electrical Equipment and Supply Corp. "(Creed") and I am fully familiar with the prior proceedings herein and the matter hereinafter set forth. This affidavit is respectfully submitted in support of Creed's application for a temporary restraining order and preliminary injunction pursuant to CPLR Art. 63 restraining and enjoining defendants from breaching or inducing the breach of the restrictive covenants contained in the contract of employment between defendant Ron Padovani ("Padovani") and Creed.

2.    As set forth in the accompanying verified complaint (Exhibit "A"), until recently Padovani was an employee of Creed in our sales department. While employed by Creed he was governed by a contract (the "Contract") (Exhibit "B") which had restrictive

covenants limiting his contacting, attempting to contact, and soliciting customers or prospective customers of Creed <u>with whom he had contact while employed by Creed.</u>

3.  At or about the time we learned that Padovani was in the process of leaving our employ, we notified various competing companies with whom we understood he was negotiating, that he was subject to the restrictive covenants as set forth in our complaint. On March 9, 2007 I wrote to defendant U.S. Electrical Services, LLC to apprise them of these facts. A copy of my letter is annexed hereto as Exhibit "C". We understand that defendant Monarch Electric Co. ("Monarch") is a wholly owned subsidiary of U.S. Electric, and that Monarch is the entity Padovani is working for. Attached as Exhibit "D" is a business card that Padovani presented recently to one of our customers, showing that he now works for Monarch.

4.  We have just learned that Padovani has breached the Contract by contacting and soliciting the business of Filingeri Electrical, one of our customers with whom Padovani had contact, as set forth in the accompanying affidavit of Michael Filingeri. We have also learned that Padovani has sent two emails to James Johannemann, the President of All Bright Electric, an account Padovani was specifically assigned. As the Court will see from the emails (Exhibit "E"), Padovani goes to the trouble of expressly stating that this is not a solicitation, at the same time letting Johannemann know that Padovani is no longer at Creed and then suggesting a meeting "as two friends."

5.  Accordingly, there is no doubt that Padovani is violating the restrictive covenant provision in our Contract, the terms of which provide that we would be entitled to injunctive relief in the event of a violation. The reason the restriction in the Contract

states that Padovani may not "<u>communicate or attempt to communicate</u>" with prior customers is to avoid the very situation we have now, where he attempts a solicitation under the guise of a "friendly" non-business call.

6.  Padovani had been acting as a sales representative and sales manager for Creed. In that capacity he was privy to our proprietary business information, which would give him an extreme advantage in soliciting our customers. For example, he knows the exact details of such matters as (i) our gross billings to each customer, (ii) what items we have recently sold to each customer at what price, (iii) what the profitability of each customer is, (iv) what construction projects that customer was or will be bidding on, (v) how much the customer was or is prepared to spend for each item on the bid list for the project, (vi) how much each of our suppliers charges us for each item, and other highly proprietary and valuable information. Notwithstanding that fact, the provisions of the Contract are very narrow in terms of the restraint placed upon Padovani. Under the Contract, he is free to work in competition with Creed, with the only limitation being that he can not contact or solicit Creed customers or prospective customers that he was in contact with during the two years prior to his leaving Creed. Filingeri Electric and All Bright Electric are just such customers. We have also heard through various sources that Padovani is calling on or attempting to call on other such customers, including RLJ Electric and Spirelli Electric. We believe that there are still others with whom he is in contact at to whom we have not yet heard such reports.

7.  As noted above, at about the time Padovani was terminating his relationship with Creed we notified our competitors and specifically the defendant herein, U.S. Electric, that we would hold them responsible if there were a violation of the Contract.

3

8. Accordingly, we are hereby requesting that this court grant us immediate injunctive relief to prevent the continued violation of the Contract. Absent such relief, it will be difficult for us to assess and recover the damages we will sustain. On the other hand, this should not present a particular hardship for Padovani since he can remain employed and work in competition with us. We only ask that he be compelled to honor his contractual obligations which are minimally restrictive.

9. No prior application has been made for this relief to this or any other court.

_____
Steven Emanuel

Sworn to before me the 16

Day of March, 2007

_____
Notary Public

Jeffrey W. Clevenger
Notary Public-State of New York
Qualified in Westchester County
No. 01CL6119526
Commission Expires 11/29/2008

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------.

CREED ELECTRICAL SUPPLY &
EQUIPMENT CORP.,

Index No.

AFFIDAVIT

                         Plaintiff

-against-

RON PADOVANI

                         Defendants.
-------------------------------------------------------------------.

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF WESTCHESTER )

Louisa Sigill
Notary Public, State of New York
No. 01SI6127793
Qualified in Westchester County
Commission Expires May 31, 09

     Michael Filingeri, being duly sworn deposes and says

     1.    I am an officer of Filingeri Electrical located 3510 Lexington Avenue, Mohegan Lake, New York 10547.

     2.    On or about March 13, 2007 I received a visit from Ron Padovani who had previously contacted our firm in a sales capacity while he had been employed for Creed Electrical Supply Corp. He left his business card with me, and a credit application and proposed that our firm purchase electric equipment from his new employer, Monarch Electric.

                                                                                      Michael Filingeri

Sworn to before me this 28th
day of March, 2007

_____
Notary Public

Aff-Padavani 3-21-07