EXHIBIT A

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------

| | |
|---|---|
| CREED ELECTRICAL SUPPLY & EQUIPMENT CORP., | SUMMONS |
| Plaintiff | Index no. |
| -against- | The basis of the venue is Plaintiff's Place of Business |
| RON PADOVANI, U.S ELECTRICAL SERVICES, LLC and MONARCH ELECTRIC CO. | |
| Defendants. | |

-----------------------------------------------------------------

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 23, 2007

Defendants' Addresss:

Ron Podovani
38 Buena Vista Avenue
Hawthorne NY 07506

Monarch Electric Company
One Dodge Drive
West Caldwell NJ 07006

Summons

US Electrical Services LLC
717 Constitution Drive, Suite 108
Exton, PA 19341

                                  The Law Offices of Gerry E. Feinberg, P.C.

                                  By: _____
                                  Gerry E. Feinberg
                                  Attorney for Plaintiff
                                  11 Martine Avenue
                                  White Plains, NY 10606
                                  914-946-4343

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------.

CREED ELECTRICAL SUPPLY &
EQUIPMENT CORP.,

Plaintiff

-against-

RON PADOVANI, U.S ELECTRICAL SERVICES, LLC
And MONARCH ELECTRIC CO.,

Defendants.

-----------------------------------------------------------------.

Index No.

VERIFIED COMPLAINT

Plaintiff, Creed Electrical Supply & Equipment Corp. by its attorneys, The Law Offices of Gerry Feinberg, P.C., alleges as and for its verified complaint herein as follows:

First Cause of Action

1. Plaintiff Creed Electrical Supply & Equipment Corp. ("Creed"), is a domestic corporation with a place for the conduct of business in the County of Westchester, State of New York.

2. Upon information and belief defendant Ron Padovani ("Padovani") is a resident of the State of New Jersey.

3. Upon information and belief defendant U.S Electrical Services ,LLC ("Electrical") is foreign limited liability company authorized to do business in New York.

4. Upon information and belief, Monarch Electric Co.. ("Monarch") is a foreign corporation authorized to and/or conducting business within the State of New York.

5. In or about December 2002 Padovani entered into an employment agreement with Creed (the "Contract").

6. Paragraph 10 of the Contract provided as follows:

> "(a) <u>Nonsolicitation of Customers</u>. Employee agrees that, during the Term and for a period of two (2) years after the Termination Date, without the prior written consent of the Company, Employee will not, either directly or indirectly, on his own behalf or in the service of or on behalf of others, solicit, contact, call upon, communicate with or attempt to communicate with any customer or prospective customer of the Company, or any representative of any customer or prospective customer of the Company, with a view to sale or providing of any product, equipment, deliverable or service sold or provided or under development by the Company during the period of two (2) years immediately preceding the Termination Date; <u>provided, however</u>, that the restrictions set forth in this Section 10(a) shall apply to those customers or prospective customers of the Company with whom Employee had contact during such two (2) year period. The actions prohibited by this Section 10(a) shall not be engaged in by Employee directly or indirectly, whether as manager, salesperson, agent, technical support technician, sales or service representative, or otherwise."

7. The Contract further provides in paragraph 12 thereof as follows:

> "The company and employee agree that a violation of Section 9, 10, or 11 of this Agreement will cause irreparable injury to the Company and its affiliates and that, accordingly, the Company will be entitled, in addition to any other rights and remedies it may have at law and equity, to seek an injunction enjoining and restraining Employee from doing or planning to do any such act or any other violation of Sections 9, 10 or 11."

8. In or about early March, 2007 Padovani's employment at Creed ended.

9. On March 9, 2007, Electrical was notified that Padovani was governed by the restrictive covenants as set forth in the Contract.

10. Upon information and belief, subsequent to his employment at Creed, in violation of the terms of the Contract, Padovani has contacted and/or solicited sales from Creed's customers and/or potential customers.

11. The conduct as set forth herein constitutes a violation of the Contract.

12. Creed does not have an adequate remedy of law.

13. Paragraph 10(f) of the Contract further provides:

2

"Indemnification. Employee shall indemnify the Company from and against any and all actions, suits, proceedings, liabilities, damages, losses, costs and expenses (including attorneys' and experts' fees) arising out of or in connection with any breach or threatened breach by Employee of any one or more provisions of this Agreement. The existence of any claim, demand, action or cause of action of Employee against Company, shall not constitute a defense to the enforcement by the Company of any of the covenants or agreements herein.

14. Based upon the foregoing, Creed in entitled to a permanent injunction enjoining and restraining Padovani from breaching the terms of the Contract, including without limitation soliciting or contacting any customers or potential customers of Creed with whom he previously has been in contact.

### Second Cause of Action

15. Repeats and re-alleges each and every allegation set forth in paragraph "1" through "13", as if fully set forth at length herein.

16. Based upon the foregoing plaintiff has sustained substantial damages in an amount to be determined at the time of trial, including costs and expenses and including attorney fees.

### Third Cause of Action

17. Repeat and re-allege each and every allegation set forth in paragraphs "1" through "12" hereof as if fully set forth at length herein.

18. Upon information and belief Monarch is a wholly owned subsidiary of Electrical.

19. Upon information and belief, Electrical and Monarch, with knowledge of the Contract, have solicited and induced Padavoni to breach the Contract.

20. Electrical and Monarch have tortiously interfered with the Contract.

21. Based upon the foregoing, Creed has been damaged in an amount to be determined at the time of trial

3

WHEREFORE, plaintiff Creed Electrical Supply & Equipment Corp. demands judgment as follows :

(a) With respect to the first cause of action, for a permanent injunction enjoining and restraining defendant Padovani from contacting or soliciting any customers or potential customers of Creed with whom he had been in contact during the last two years of his employment with Creed;

(b)  With respect to the second cause of action, for such damages as are established at the time of trial, including reasonable attorney fees;

(c)  With respect to the third cause of action, for such damages as are established at the time of trial;

together with such other further relief as this Court deems just and proper including interest as allowed by law and the cost of disbursements incurred herein.

Date: March 26, 2007

    White Plains, New York

                                             Law Offices of Gerry E. Feinberg, P.C.

                                             By: _____

                                                 Gerry E. Feinberg
                                                 Attorney for Plaintiff
                                                 11 Martine Ave.
                                                 White Plains, NY 10606
                                                 (914) 946-4343

**VERIFICATION**

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF WESTCHESTER )

I, the undersigned, being duly sworn, depose and say: I am the President of Creed Electrical Supply & Equipment Corp. and a party in the within action; I have read the foregoing Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: the books and records of the corporation.

_____
Steven Emanuel

Sworn to before me this 26
of March, 2007

Jeffrey W. Clevenger
Notary Public-State of New York
Qualified in Westchester County
No. 01CL6119526
Commision expires 11/29/2008